810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Daniel BURNS, Petitioner-Appellant,
v.
Calvin EDWARDS, Respondent-Appellee.
 No. 85-1616.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner William Daniel Burns appeals from the decision of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The only issue raised in the appeal is whether the Parole Commission is estopped to assert jurisdiction over him because it failed to supervise him from 1979 to 1982.
 
 
 2
 Petitioner filed his petition for habeas corpus relief under 28 U.S.C. § 2241 on February 20, 1985. He alleged that he was unlawfully confined as a result of a parole revocation proceeding which was held on January 17, 1985. The National Appeals Board affirmed the parole revocation on June 10, 1985.
 
 
 3
 Petitioner challenged the result of the parole revocation proceeding on three grounds. First, he alleged that the Parole Commission was estopped to assert jurisdiction over him because it failed to supervise him from 1979 until 1982. Second, he alleged that there was an unreasonable delay in providing him a revocation hearing. Finally, he contested the sufficiency of the evidence used to revoke his parole.
 
 
 4
 The district court concluded that the Parole Commission was not estopped to assert jurisdiction over the petitioner because he had failed to demonstrate affirmative misconduct or prejudice. It further concluded that although petitioner's hearing was delayed, he was not prejudiced by the delay. Moreover, the delay was precipitated by the Commission's attempts to verify petitioner's criminal activity and, hence, was not unreasonable. The court did not directly address petitioner's argument regarding the sufficiency of evidence; it merely noted that parole was revoked on the basis of six violations. On June 28, 1985, the petition for habeas relief was denied.
 
 
 5
 Upon consideration of the entire record and the briefs filed herein, we find no error in the proceedings before the district court. Accordingly, the judgment of the district court is AFFIRMED.